UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 19-184-DLB

BRAD ANTHONY WILLIAMS                                                            PLAINTIFF

v.                    **MEMORANDUM OPINION AND ORDER**

COVINGTON POLICE DEPT., et al.                                      DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Brad Anthony Williams is a pre-trial detainee currently confined at the Kenton County Detention Center in Covington, Kentucky. Proceeding without an attorney, Williams has filed a civil rights action pursuant to 42 U.S.C. § 1983 (Doc. # 2) and a Motion to Proceed *In Forma Pauperis* (Doc. # 6). The Court has reviewed the fee motion and will grant the request on the terms established by 28 U.S.C. § 1915(b). Because Williams has been granted *pauper* status in this proceeding, the $50.00 administrative fee is waived. District Court Miscellaneous Fee Schedule, § 14.

The Court must conduct a preliminary review of Williams's Complaint because he has been granted *pauper* status. 28 U.S.C. § 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607–08 (6th Cir. 1997), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The Court evaluates Williams's Complaint under a more lenient standard because he is not represented by an attorney.

1

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage, the Court accepts the plaintiff's factual allegations as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

The specific allegations of Williams's Complaint are unclear, as his allegations ramble and are difficult to follow. However, from what the Court is able to ascertain, Williams's Complaint alleges that, beginning around 9:00 p.m. on February 23, 2018, a string of events occurred that triggered his post-traumatic stress disorder and paranoia. (Doc. # 2). He alleges that early in the morning (5:25 a.m.) on February 24, Williams's friend (Bob), girlfriend (Lori), and dog (Snuffess) were in a bedroom and his dog was trying to climb into the bed with his friend, Bob. *Id.* at 2. Williams explains that, "[w]hen I reached down to get [the] dog, the gun that was in hand accidentally discharged and hit Bob in the ear." *Id*. at 2–3. Williams states that Bob ran into the bathroom and called 911 and Williams's mom and dad came into the bedroom from the front of the house. *Id*. at 3. Williams claims that, although he was trying to calm everybody down, he was in a state of distress. *Id.* Williams also had a rifle strapped to his arm. *Id*. Williams then alleges that the Covington Police entered the home around 5:35 a.m. without announcing themselves and Williams's gun "accidentally discharged again" right after Williams said he was setting down the gun. *Id*. According to Williams, while he was setting down the gun, he was shot seven times by the police, causing him to suffer from severe physical injuries. *Id*.

Based on these allegations, he claims violations of his Fourth Amendment rights, the use of excessive force, violations of state and city procedures, and violations of his Fourteenth Amendment rights against Defendants the Covington Police Department and individual Covington Police Officers John J. Coulter, Daniel J. Elsbernd, Jared Habermehl

and Lt. Matthew W. Winship.  *Id*. at 1–2, 4.  As relief, he seeks dismissal of criminal charges currently pending against him or immunity from prosecution, plus monetary damages for pain and suffering.  *Id*. at 8.

However, Williams's claims all clearly relate to ongoing state criminal proceedings pending against him in the Kenton County Circuit Court in *Commonwealth v. Williams*, No. 18-CR-00315) (Kenton Cir. Ct. 2018) (charging Williams with one count of attempted murder in violation of K.R.S. § 507.020, three counts of first degree wanton endangerment in violation of K.R.S. § 508.060, one count of second degree assault in violation of K.R.S. § 508.020, and one count of being a persistent felony offender in the first degree in violation of K.R.S. § 532.080(3)) and *Commonwealth v. Williams*, No. 18-CR-00316) (Kenton Cir. Ct. 2018) (charging Williams with one count of being a convicted felon in possession of a firearm in violation of K.R.S. § 527.040 and one count of being a persistent felony offender in the second degree in violation of K.R.S. § 532.080(2)).  A review of the Kentucky Court of Justice's online Court Records shows that these cases all remain pending.[1]

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that federal courts should not exercise jurisdiction over civil matters in any fashion that would interfere with ongoing state criminal prosecutions absent truly extraordinary circumstances.  *Id*. at 44.  The rule is "designed to 'permit state courts to try state cases free from interference by federal courts,' . . . particularly where the party to the federal case may fully litigate his claim before the state court."  *Zalman v. Armstrong*, 802 F.2d

---

[1] *See* https://kcoj.kycourts.net/CourtNet (last accessed on January 31, 2020).  The Court may "take judicial notice of proceedings in other courts of record." *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir.1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)).  *See also* FED. R. EVID. 201(b)(2).

199, 205 (6th Cir. 1986) (quoting *Hicks v. Miranda*, 422 U.S. 322, 349 (1975)). "There are three requirements for proper invocation of *Younger* abstention: '(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006) (quoting *Sun Ref. & Mktg. Co. v. Brennan,* 921 F.2d 635, 639 (6th Cir. 1990) (citation omitted)).

The criminal charges against Williams remain pending, and he has not suggested that the state court would not give full and fair consideration to his constitutional claims as part of a defense to the charges against him. Due respect for the legal process in state courts precludes any presumption that state courts are unable or unwilling to safeguard federal constitutional rights. *Middlesex Cty. Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 431 (1982). Nothing in Williams's Complaint indicates the presence of any factor which "render[s] the state court incapable of fairly and fully adjudicating the federal issues before it" as required to satisfy the "extraordinary circumstances" exception. *See Kugler v. Helfant*, 421 U.S. 117, 124 (1975) (indicating that only "extraordinary circumstances" allow for the "relaxation of the deference to be accorded to the state criminal process"). *Younger* abstention is therefore warranted and appropriate with respect to Williams's claims. *Tindall v. Wayne Cty. Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001) ("*Younger* abstention doctrine counsels a federal court to abstain from adjudicating a matter properly before it in deference to ongoing state criminal proceedings.").

For these reasons, this case will be summarily **dismissed without prejudice**.

4

Accordingly, **IT IS ORDERED** as follows:

(1) Williams's Motion to Proceed *In Forma Pauperis* (Doc. # 6) is **GRANTED**. Section 1915(b)(1) requires a prisoner-plaintiff to pay the $350.00 filing fee for a civil action as set forth below;

(2) The financial documentation filed by Williams indicates that he lacks sufficient income or assets to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1)(A), and payment of such fee is therefore **DEFERRED**;

(3) The Clerk of the Court shall open an account in Williams's name for receipt of the filing fee. The Clerk shall complete a Notice of Payment Form (Form EDKY 525) with (a) Williams's name, (b) his inmate registration number, and (c) this case number. The Clerk shall serve a copy of this Order and the Notice of Payment Form upon the Jailer/Warden of the institution in which Williams is currently confined and upon the Office of the General Counsel for the Department of Corrections in Frankfort, Kentucky;

(4) Each month Williams's custodian shall send the Clerk of the Court a payment in an amount equal to 20% of his income for the preceding month out of his inmate trust fund account, but only if the amount in the account exceeds $10.00. The custodian shall continue such monthly payments until the entire $350.00 filing fee is paid. 28 U.S.C. § 1915(b)(2);

(5) Williams's Complaint (Doc. # 2) is **DISMISSED without prejudice**;

(6) The Court will enter an appropriate Judgment; and

(7) This matter is **STRICKEN** from the Court's active docket.

This 2nd day of February, 2020.



Signed By:
David L. Bunning
United States District Judge

J:\DATA\ORDERS\ProSe\19-184 Dismissal Order.docx